UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TONY FRANCIOSA CROSS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1418 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM & ORDER

This matter is before me on Petitioner Tony Franciosa Cross's Amended Motion to Vacate, Set Aside, or Correct his sentence [6]. The United States Attorney opposes Cross's motion [13].

I originally sentenced Cross to 216 months of incarceration on January 21, 2004, after he pled guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1). Cross argues that I should resentence him to time served for that crime. After carefully reviewing all of Cross's submissions, and the United States Attorney's arguments in response, I will deny Cross's Motion as out of time.

## Discussion

A petitioner in Cross's position must move to vacate, set aside, or correct his sentence within one year of the date the judgment against him becomes final. *See*

28 U.S.C. § 2255(f)(1). Cross argues that 28 U.S.C. § 2255(f)(3) instead applies to his case. § 2255(f)(3) provides that a motion for resentencing is timely if a petitioner files it within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Cross cites the ruling in *Johnson v. United States*, which held that increased sentences resulting from the so-called "residual clause" in the Armed Career Criminal Act violate the Due Process Clause of the Constitution. 135 S. Ct. 2551, 2557 (2015). He argues that holding applies to his case, and that he was unconstitutionally sentenced under an identical residual clause in the mandatory guidelines. Petitioner's Motion [6] at 4-6. Cross initially filed his motion for relief under *Johnson* within the one year period required by 28 U.S.C. § 2255(f)(3).

During the time Cross's motion was pending before me, the Eighth Circuit decided *Russo v. United States*, 902 F.3d 880, which is directly on point. *Russo* clarified that *Johnson* did not announce a new rule regarding defendants sentenced under the residual clause in the mandatory guidelines. 902 F.3d at 883. According to *Russo*, "*Johnson* did not recognize the right asserted" by Cross. *Id*. Cross "thus cannot benefit from the limitations period in § 2255(f)(3)," and his petition is untimely. *Id*.

In deciding this case, I do not reach the merits of Cross's claim that a sentence based on the mandatory guidelines' residual clause violates the Due Process Clause of the Constitution. That claim remains an open question. *See id.* (citing *Beckles v. United States*, 137 S.Ct. 886, 903 n.4 (Sotomayor, J., concurring in the judgment)).

## Conclusion

**IT IS HEREBY ORDERED** Cross's Motion is **DENIED** as out of time.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2018.